**UNITED STATES of America,**
**Appellee,**

v.

**Jeffrey ETESS, Defendant–Appellant.**

**No. 08–4542–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 26, 2009.

Stanley L. Cohen, New York, N.Y., for Appellant.

Benton J. Campbell, U.S. Atty., Brooklyn, N.Y., for Appellee.

PRESENT: JON O. NEWMAN, ROBERT A. KATZMANN and GERARD E. LYNCH, Circuit Judges.

## SUMMARY ORDER

Jeffrey Etess, a dentist, appeals from the judgment entered July 21, 2008, sentencing him, upon his plea of guilty, to imprisonment for one year and one day, for conspiring to sell a controlled substance containing Dihydrocodeine, commonly known as Vicodin. The District Court departed downward, upon the Government's submission of a cooperation motion pursuant to U.S.S.G. § 5K1.1, from a Guidelines range of 30 to 37 months.

We assume the parties' familiarity with the facts and procedures of this case.

■ The Appellant contends that the District Court made mistakes of fact in its July 30, 2008, memorandum, denying a motion for reduction of sentence. The "mistakes" are alleged to be the reference to the Appellant as a "drug dealer," the assertion that the sale of 157,000 Vicodin pills would net the Appellant "almost one million dollars," and the assertion that the Appellant was selling drugs to patients. The use of the label "drug dealer" was not a mistake in view of the evidence showing sale of a large quantity of Vicodin pills. Whether or not there were sales to patients, the District Court stated that the Appellant "was selling drugs to patients and non-patients." Even if there were no sales to patients, the sentence was fully justified by the sales to non-patients, and there is no indication that the District

Court gave any weight at sentencing to the alleged mistake in the post-sentencing statement concerning sales to patients. Finally, the Appellant does not challenge the accuracy of the District Court's calculation of the value of the pills he possessed, arguing only that many of the pills were not sold but destroyed. However, the Appellant was convicted of possession with intent to distribute, and he destroyed the pills only after he was interviewed by federal agents. The District Court could reasonably have inferred that without the intervention of the authorities, the Appellant would have sold the drugs, which had a substantial street value.

■ The Appellant also contends that the District Court erred in not making a departure (beyond the cooperation departure) based on diminished capacity. *See* U.S.S.G. 5K2.13. However, the departure was properly rejected because the Appellant failed to establish the required causal link between the diminished capacity and the charged offense, *see United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005), and because such a departure is not available if the claimed reduced mental capacity was caused by the voluntary use of drugs, *see* U.S.S.G. § 5K2.13.

We have considered all of the Appellant's remaining contentions and conclude that they lack merit.

Accordingly, we affirm the judgment of the District Court.